IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUAN F. SOLANO, :

    Petitioner, : Case Nos. 3:11-cv-112
                                                 3:08-cr-154-1

vs. :

                                      JUDGE WALTER H. RICE

UNITED STATES OF AMERICA :

    Respondent :

---

DECISION AND ENTRY ADOPTING IN PART THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND RESERVING RULING ON SAID JUDICIAL FILING IN PART (DOC. #122); SUSTAINING PETITIONER'S OBJECTIONS THERETO (DOC. #123); SUSTAINING IN PART RESPONDENT'S MOTION TO DISMISS (DOC. #116); RESERVING RULING ON PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON FAILURE TO INFORM PETITIONER OF COLLATERAL CONSEQUENCES OF GUILTY PLEA; DISMISSING WITH PREJUDICE PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON FAILURE TO RAISE DEFENSE OF ENTRAPMENT; INSTRUCTIONS TO GOVERNMENT'S COUNSEL

---

In his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, Doc. #108, Petitioner Juan F. Solano alleges that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney gave him faulty advice about the collateral consequences of his March 2009, guilty plea. Solano maintains that his attorney incorrectly advised him that, because Solano's parents are both U.S. citizens and because Solano had lived in the U.S. since 1972, he was also considered a U.S. citizen and was not subject to deportation. Solano elected to plead

guilty to a drug conspiracy charge and was sentenced to 120 months in prison. An immigration detainer was subsequently lodged against him.

Solano's claim of ineffective assistance of counsel is based on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), in which the court held that counsel has a duty to advise his or her client that pleading guilty to a particular charge would result in removal from the United States. His motion was filed within one year of the date the *Padilla* decision was issued. *See* 28 U.S.C. § 2255(f)(3) (providing that the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). In his memorandum of law, Solano also alleges that he was denied effective assistance of counsel when his attorney failed to raise the defense of entrapment. Doc. #108.

Respondent filed a motion to dismiss. With respect to Solano's claim that his attorney failed to properly advise him about the collateral consequences of his guilty plea, Respondent argued that Solano had failed to demonstrate actual prejudice. Respondent also argued that *Padilla* does not apply retroactively, and that Solano's claim is therefore time-barred. As to Solano's claim of failure to raise the defense of entrapment, Respondent argued that this claim was untimely, and that Solano had waived it by pleading guilty. Doc. #116.

On May 25, 2012, United States Magistrate Judge Ovington issued a Report and Recommendations, Doc. #122, recommending that the Court grant Respondent's motion and deny Solano's motion, dismissing the claims with prejudice. This matter is

currently before the Court on Solano's objections to that judicial filing. Doc. #123.

This Court conducts a *de novo* review of any portion of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In order to succeed on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was constitutionally deficient, and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

I.  Failure to Advise of Collateral Consequences of Guilty Plea

The Court turns first to Solano's claim of ineffective assistance of counsel based on his attorney's alleged failure to properly advise him of the collateral consequences of his guilty plea. As to Respondent's argument that *Padilla* does not apply retroactively to Solano's guilty plea, Magistrate Judge Ovington acknowledged that the Supreme Court recently granted certiorari to resolve a circuit split on this issue. *See Chaidez v. United States*, 132 S. Ct. 2101 (Apr. 30, 2012). She concluded, however, that even if *Padilla* applies retroactively, Solano's ineffective assistance claim fails on the merits because Solano cannot establish the requisite prejudice under the second prong of *Strickland*. Doc. #122, at 11 n.2.

Magistrate Judge Ovington noted that, during the plea colloquy, the undersigned judge asked Solano if he was a United States citizen. Solano replied, "I believe so, sir, yes." The undersigned judge then explained that if Solano were not a United States citizen, he would be facing deportation. Solano indicated that he understood. Citing *Smith v. United States*, Nos. 10-21507-Civ, 09-20952-Cr, 2011 WL 837747 (S.D. Fla.

3

Feb. 4, 2011), Magistrate Judge Ovington found that this plea colloquy cured any defect arising from the faulty advice given by counsel.

Solano objects to this finding and denies that the plea colloquy at issue cured the defect. He asks the Court to reject the Report and Recommendations, and to hold the case in abeyance pending a decision by the Supreme Court on the question of *Padilla*'s retroactivity. After conducting a thorough *de novo* review of the record and the applicable law, the Court finds that Petitioner's objection is well-taken.

This case is distinguishable from *Smith*. Smith was an illegal alien who pleaded guilty to illegal reentry following deportation. The court held that even if Smith's attorney gave him faulty advice about the possibility that he could again be deported following the entry of the guilty plea, the defect was cured when the court advised Smith of this fact during the plea colloquy. *Smith*, 2011 WL 837747, at *11.

Solano's situation is different. He has alleged that, in deciding whether to plead guilty, the risk of deportation concerned him more than a possible prison sentence. Doc. #118, at 2. He therefore specifically sought his attorney's advice on this subject. He told his attorney that his parents were both U.S. citizens and that he had lived in the U.S. since 1972. His attorney allegedly assured him that, under these circumstances, he was also considered a U.S. citizen and was not subject to deportation. Solano entered the plea of guilty under the apparently mistaken impression that he was, in fact, a U.S. citizen, and had no risk of being deported. *Id.*

The plea colloquy that took place did not cure this underlying defect. Although the undersigned judge asked if Solano was a U.S. citizen, and Solano responded that

4

he believed he was, the undersigned judge did not question him as to the basis for this belief, or make any independent determination concerning Solano's citizenship. Rather, the undersigned judge took him at his word, and simply explained that if Solano were not a U.S. citizen, he would be subject to deportation.

It is unlikely, however, that this warning was of any consequence in Solano's mind because, based on what his attorney had told him, Solano allegedly believed that he was, in fact, a U.S. citizen, and therefore, there was no risk that he would be deported. Under these circumstances, the plea colloquy could not have "cured" the attorney's allegedly faulty determination concerning Solano's citizenship status. That faulty determination led to faulty advice about the risk of deportation, implicating the duty recognized by the Supreme Court in *Padilla*.

Because Solano has alleged that the risk of deportation concerned him more than a possible prison sentence, the Court cannot say at this juncture that Solano will be unable to demonstrate a reasonable probability that, but for his attorney's faulty advice, he would not have pled guilty, thereby satisfying the prejudice prong of *Strickland*. In this respect, the Court agrees with Solano that the Magistrate Judge erred in concluding to the contrary.

The viability of this claim is, however, also dependent on a finding that it was timely filed. This, in turn, hinges on the question of whether *Padilla* is retroactively applicable to cases on collateral review. Accordingly, with respect to Solano's ineffective assistance of counsel claim based on his attorney's failure to correctly advise him of the collateral consequences of his guilty plea, the Court will RESERVE RULING on this claim until the Supreme Court issues its decision in *Chaidez*, currently

5

scheduled for oral argument on October 30, 2012.

II.  Entrapment

Magistrate Judge Ovington agreed with Respondent that Solano's claim of ineffective assistance of counsel based on a failure to raise the defense of entrapment was completely unrelated to *Padilla*, and was filed outside the one-year statute of limitations set forth in 28 U.S.C. § 2255. She recommended that it be dismissed with prejudice as untimely filed. Solano has not filed any objections to this portion of the Report and Recommendations.

Based on the reasoning and citations of authority set forth in the Report and Recommendations, Doc. #122, with respect to this particular claim, the Court ADOPTS that judicial filing, SUSTAINS IN PART Respondent's motion to dismiss, Doc. #116, and DISMISSES said claim WITH PREJUDICE.

Government's counsel is to advise the Court when (and how) the Supreme Court has ruled on the *Chaidez* matter.

Date: October 10, 2012

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE